**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT WILHELM,<br><br>                Plaintiff,<br><br>    v.<br><br>LOGICBIO THERAPEUTICS, INC., RICHARD MOSCICKI, LEON CHEN, FREDERIC CHEREAU, MARK ENYEDY, J. JEFFREY GOATER, SUSAN R. KAHN, DAPHNE KARYDAS, MARK KAY, and MICHAEL WYZGA,<br><br>                Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Robert Wilhelm ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against LogicBio Therapeutics, Inc. ("LogicBio" or the "Company") and the members of LogicBio's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell LogicBio to Alexion Pharmaceuticals, Inc. ("Alexion"), a subsidiary of AstraZeneca plc (the "Proposed Transaction").

2.On October 3, 2022, LogicBio entered into an Agreement and Plan of Merger with Alexion and Alexion's subsidiary, Camelot Merger Sub, Inc. ("Purchaser") (the "Merger Agreement").  Under the terms of the Merger Agreement, Alexion will acquire LogicBio for $2.07 per share of LogicBio common stock via a tender offer (the "Tender Offer").  Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on October 18, 2022.

3.On October 18, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC.  Specifically, the Recommendation Statement, which recommends that LogicBio stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Centerview Partners LLC ("Centerview"); (ii) the background of the Proposed Transaction; and (iii) potential conflicts of interest faced by Centerview.

4.The failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as LogicBio stockholders need such information in order to make a fully informed decision in connection with the Tender Offer.

5.The Tender Offer is currently scheduled to expire at one minute following 11:59 p.m. (12:00 midnight), New York City time, on Tuesday, November 15, 2022.  It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and LogicBio's other shareholders to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal.  Therefore, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. LogicBio's common stock trades on the Nasdaq Global Market, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of shares of LogicBio common stock.

10. Defendant LogicBio is a Delaware corporation, with its principal executive offices located at 65 Hayden Avenue, 2nd Floor, Lexington, Massachusetts 02421. LogicBio's shares trade on the Nasdaq Global Market under the ticker symbol "LOGC."

11. Defendant Richard Moscicki has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant Leon Chen has been a director of the Company at all relevant times.

13. Defendant Frederic Chereau has been President, Chief Executive Officer and a director of the Company at all relevant times.

14. Defendant Mark Enyedy has been a director of the Company at all relevant times.

15. Defendant J. Jeffrey Goater has been a director of the Company at all relevant times.

16. Defendant Susan R. Kahn has been a director of the Company at all relevant times.

17. Defendant Daphne Karydas has been a director of the Company at all relevant times.

18. Defendant Mark Kay has been a director of the Company at all relevant times.

19. Defendant Michael Wyzga has been a director of the Company at all relevant times.

20. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

21. LogicBio is a clinical-stage genetic medicine company focused on developing and commercializing genome editing and gene therapy treatments using its GeneRide and sAAVy platforms. The Company's genome editing platform, GeneRide, is a new approach to precise gene insertion harnessing a cell's natural deoxyribonucleic acid. The Company's gene delivery platform, sAAVy, is an adeno-associated virus, which is designed to optimize gene delivery for treatments in a range of indications and tissues. LogicBio's lead product candidate is LB-001 that is in Phase I/II clinical trials for the treatment of methylmalonic acidemia.

### The Proposed Transaction

22. On October 3, 2022, LogicBio announced that it had entered into the Proposed Transaction, stating, in relevant part:

> LEXINGTON, Mass., Oct. 3, 2022 /PRNewswire/ -- LogicBio® Therapeutics, Inc. (NASDAQ: LOGC), a pioneering clinical-stage genomic medicine company, today announced that it has entered into a definitive agreement under which AstraZeneca Rare Disease will acquire LogicBio. The proposed acquisition brings LogicBio's unique technology, experienced rare disease R&D team, and expertise in pre-clinical development to support Alexion's growth in genomic medicines.
>
> Fred Chereau, President and Chief Executive Officer, LogicBio, said: "We are excited about the opportunity to bring our science and expertise in genetic medicine to Alexion, which shares our commitment to discovering treatments for rare conditions and improving the lives of patients. Through this acquisition, we strive to accelerate our research in gene editing and AAV capsid development and together move the field of genomic medicine forward."
>
> LogicBio has developed technology platforms for the delivery and insertion of genes to address genetic diseases, as well as a platform designed to improve viral vector manufacturing processes. These platforms, coupled with LogicBio's highly experienced team and Alexion's advancements with AstraZeneca, will drive future scientific possibilities and next generation medicines to treat rare genetic diseases. "The proposed acquisition of LogicBio is a significant development for our growing research in genomic medicine," said Marc Dunoyer, Chief Executive Officer, Alexion, AstraZeneca Rare Disease. "LogicBio's people, experience and platforms provide new scientific capabilities by adding best-in-class technology and expertise to our genomic medicine strategy. The scientific collaboration between Alexion and AstraZeneca has been a substantial area of focus since last year's acquisition and the addition of LogicBio will expand this foundational work."
>
> Under the terms of the agreement, Alexion, through a subsidiary, will initiate a cash tender offer to acquire all outstanding shares of LogicBio for $2.07 per share. Both boards have unanimously approved the transaction. Alexion plans to close the deal in four to six weeks, subject to the tender of at least a majority of the outstanding shares of LogicBio common stock and satisfaction of other closing conditions, and plans to retain LogicBio employees at their current location.

**The Materially Incomplete and Misleading Recommendation Statement**

23. On October 18, 2022, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC. The Recommendation Statement, which recommends that LogicBio stockholders tender their shares in the Tender Offer, fails to disclose

material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the financial projections for LogicBio and the financial analyses that support the fairness opinion provided by Centerview; (ii) the background of the Proposed Transaction; and (iii) potential conflicts of interest faced by Centerview.

*Material Misrepresentations and/or Omissions Concerning LogicBio's Financial Projections and Centerview's Financial Analyses*

24. The Recommendation Statement fails to disclose material information concerning the financial projections for LogicBio.

25. With respect to the Company's "Preliminary April Projections" and "Updated September Projections," the Recommendation Statement fails to disclose a quantification of the assumptions underlying the risk-adjusted outlook reflected in the Company's projections, including with respect to:

> the probability of technical success and regulatory approvals, launch timing, epidemiology, pricing, sales ramp, market growth, market share, competition, market exclusivity, option, milestone, royalty and other licensing payments, cost of goods sold, research and development expenses, sales and marketing expenses, general and administrative expenses, availability and terms of financing, effective tax rates and utilization of net operating losses.

*See* Recommendation Statement at 35.

26. The Recommendation Statement also fails to disclose material information concerning Centerview's financial analyses.

27. With respect to Centerview's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose a quantification of: (i) the inputs and assumptions underlying the discount rates ranging from 15.0% to 17.0%; and (ii) the Company's fully diluted shares outstanding.

28.     With respect to Centerview's *Analyst Price Target Analysis*, the Recommendation Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

29.     The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

30.     Specifically, the Recommendation Statement fails to disclose the details of the confidentiality agreement the Company entered into with Party A during the process leading up to the Proposed Transaction, including whether the standstill provision in the confidentiality agreement is a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding Party A from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Centerview's Potential Conflicts of Interest*

31.     The Recommendation Statement fails to disclose material information concerning Centerview's potential conflicts of interest.

32.     For example, the Recommendation Statement sets forth:

> In 2022, Centerview was engaged to provide financial advisory services to ReViral Inc. ("ReViral"), a private company in which affiliates of OrbiMed (which holds an approximately 26% equity interest in the Company) held a less than 20% minority equity interest, in connection with its sale to Pfizer Inc., and Centerview received compensation from ReViral for such services. In 2020 and 2021, Centerview was engaged to provide financial advisory services unrelated to the Company to Prevail Therapeutics Inc. ("Prevail"), a publicly traded company in which affiliates of OrbiMed held an approximately 40% equity interest, in connection with its sale to Eli Lilly and Company, and Centerview received compensation from Prevail for such services.

Recommendation Statement at 43.  The Recommendation Statement fails, however, to disclose the amount of compensation Centerview received in connection with such services provided to ReViral Inc. and Prevail Therapeutics Inc.

33. In sum, the omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information," "Opinion of Centerview," and "Background of the Offer and Merger" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of LogicBio will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

34. Plaintiff repeats all previous allegations as if set forth in full.

35. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting LogicBio stockholders to tender their shares in the Tender Offer.

36. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

37. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

38. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

39. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

40. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

41. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

42. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of LogicBio, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

43. Plaintiff repeats all previous allegations as if set forth in full.

44. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

45. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to LogicBio stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning the Company's financial projections, Centerview's financial analyses, the background of the Proposed Transaction, and potential conflicts of interest faced by Centerview.

46. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

47. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

### COUNT III

**Claims Against the Individual Defendants for Violations
of Section 20(a) of the Exchange Act**

48. Plaintiff repeats all previous allegations as if set forth in full.

49. The Individual Defendants acted as controlling persons of LogicBio within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of LogicBio, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Recommendation Statement.

52. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

53. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, LogicBio stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of LogicBio, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  October 26, 2022                    **ACOCELLI LAW, PLLC**

                                By   */s/ Richard A. Acocelli*
                                     Richard A. Acocelli
                                     33 Flying Point Road, Suite 131
                                     Southampton, NY 11968
                                     Tel: (631) 204-6187
                                     Email: racocelli@acocellilaw.com

                                     *Attorneys for Plaintiff*